UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CHARLES MITCHELL,<br><br>        Plaintiff,<br><br>    v.<br><br>ORACLE RACING, INC.,<br><br>        Defendant. | Case No. 15-cv-03455-VC<br><br>**ORDER SHORTENING TIME**<br>Re: Dkt. No. 44 |

    The Court sua sponte shortens the time for hearing Oracle Racing's motion for sanctions. The motion will be heard at the same time as the motion to dismiss, on Thursday, April 21, 2016. The hearing on both motions will take place at 2:00 pm. A response to the motion is due Monday, April 18. If Oracle Racing wishes to file a reply, it may do so on or before Wednesday, April 20.

    In addition to responding to the issues raised in Oracle Racing's motion, Patricia Barlow is also ordered to show cause, in the same response, why she should not be sanctioned personally – under Rule 11, 28 U.S.C. § 1927, and/or under this Court's inherent authority – for her repeated violations of this district's Local Rules and the Court's orders. Specifically:

    1. When Barlow filed Mitchell's Second Amended Complaint, she purported to file it with "certain paragraphs filed under seal." Dkt. No. 35 at 1. Indeed, paragraphs 71 and 72 of that complaint were redacted. *Id.* at 28. This Court's Local Rules require a party who seeks to file material under seal to file an administrative motion, to include a declaration establishing that the relevant material should be sealed, and to file both redacted and unredacted versions of the relevant document with the Court. Civ. Local R. 79-5(d). Barlow did not do any of this.

When court staff alerted Barlow to her failure to comply with Local Rule 79-5(d), Barlow responded that she did not seek to seal any portion of the Second Amended Complaint. Court staff instructed Barlow that, if this was so, she should file a "corrected" Second Amended Complaint that either deleted the redacted paragraphs or left them unredacted. Yet when Barlow filed Mitchell's "corrected" Second Amended Complaint on March 17, it still purported to file certain paragraphs under seal, and it still redacted paragraph 72. *See* Dkt. No. 39 at 1, 28.

2. This Court's order dismissing Mitchell's Second Amended Complaint was filed on February 10. *See* Dkt. No. 34. That order gave Mitchell 14 days to file any amended complaint. *See id.* at 3. Mitchell therefore had through February 24 to file his Second Amended Complaint. But Barlow did not file Mitchell's Second Amended Complaint (even in its uncorrected form) until February 25. *See* Dkt. No. 35.

3. Similarly, this Court's Standing Order for Civil Cases before Judge Vince Chhabria provides that, "[u]nless expressly permitted by the Court, briefs in support of and in opposition to all substantive motions (except for summary judgment motions, class certification motions, and motions in patent cases, as discussed below) may not exceed 15 pages." But Barlow's opposition to the defendants' first motion to dismiss was 20 pages long, excluding front matter. Barlow's opposition to the defendants' second motion to dismiss was 24 pages long, excluding front matter.

**IT IS SO ORDERED.**

Dated: April 14, 2016

_____
VINCE CHHABRIA
United States District Judge